**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-11267

_____

In the Matter of DIMITRIOS BELAVILAS,

Debtor,

_____

NIKOLAOS BILILIS,

Appellant,

VERSUS

DIMITRIOS BELAVILAS, TIM TRUMAN,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-511-A)

_____

September 14, 1999

Before DUHÉ, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

This is a pro se appeal from a final order of a district court sitting as a court of appeals in bankruptcy. A detailed description of the underlying facts of this bankruptcy proceeding can be found in our prior panel opinion in this case. See Bililis v. Belavilas (In re Belavilas), No. 96-11290, slip op. at 2-3 (5th Cir. 1997). Nikolaos Bililis ("Appellant") appeals the district court's order affirming the bankruptcy court's orders which

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed the Chapter 13 bankruptcy petition, ordered certain distributions, and vacated its previous order rescinding an award of attorney's fees for Dimitrios Belavilas's ("Debtor") attorney.[2] On appeal, Appellant argues the district court erred for the following reasons: (1) failing to award Appellant late fees as provided by a deed of trust; (2) failing to award Appellant 11.5% post-petition interest for the period from 8 September 1989 to 29 April 1997; and (3) failing to reverse the bankruptcy court's order effectively allowing estate funds to satisfy the Debtor's attorney's fees. For the following reasons, we affirm the district court.

We review the district court's factual findings for clear error and its legal determinations de novo. See Affiliated Computer Systems, Inc. v. Sherman (In re Kemp), 52 F.3d 546, 550 (5th Cir. 1995). Appellant contends the district court erred in not awarding him late fees, because the deed of trust securing his claim with real property requires the debtor to pay 10% of the principal in late fees upon default. While the deed of trust does so provide, the note does not. We need not reach this issue for most of the reasons stated infra in the discussion of post petition interest.

Appellant also argues that he is entitled to more post-petition interest than the bankruptcy court ordered and the

_____

[2]The district court reversed the bankruptcy court's order distributing the estate's funds only to the extent that it awarded the incorrect amount of pre-petition interest for the Appellant. The district court increased the Appellant's award of pre-petition interest.

district court affirmed. However, this argument is without merit because the Appellant, as the sole unsecured creditor receiving a distribution from the bankruptcy court, is only entitled to the funds remaining in the estate after the first priority administrative claims are paid. "The Bankruptcy Code provides that . . . administrative expenses" are entitled to priority over the claims of other unsecured creditors. See 11 U.S.C. § 503(b)(1)(A) (1999). Administrative expenses include attorney's fees and the trustee's fee. See 11 U.S.C. § 503, § 330 (1999). The bankruptcy court ordered the distribution of funds to the debtor's attorney, whose fees had been approved by a previous order of the bankruptcy court, and the trustee in satisfaction of his percentage fee. Because the Appellant is only entitled to the funds remaining after these administrative claims are paid, it is irrelevant whether the remaining funds equaled the amount of his claim plus post-petition interest. However, because the bankruptcy court dismissed the Debtor's bankruptcy and the Debtor did not receive a discharge, the Appellant retains his state law claims against the Debtor for any amount he did not recover on the underlying debt.

Finally, the Appellant argues that the district court erred in affirming the bankruptcy court's order vacating its previous order rescinding an award of attorney's fees to the Debtor's attorney. The Appellant contends it is improper for the Debtor's attorney's fees to be satisfied with estate funds. As discussed above, the Bankruptcy Code expressly authorizes the payment of attorney's fees and even designates them as first priority upon distribution as an

administrative expense. <u>See</u> <u>id.</u> For these reasons, the Appellant's final argument also fails.

## CONCLUSION

Finding no issues of merit raised in this appeal, we affirm the district court's judgment.

**AFFIRMED**